1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                     EASTERN DISTRICT OF CALIFORNIA

9
TIFFANY NICOLE TILLEY,                )      1:08-CV-01135 0WW JMD HC
10                                     )
                    Petitioner,        )      FINDINGS AND RECOMMENDATION
11                                     )      DISMISSING PETITION FOR WRIT OF
        v.                             )      HABEAS CORPUS
12                                     )
TINA HORNBEAK,                         )
13                                     )
                    Respondent.        )
14 _____ )

15
16          Petitioner Tiffany Nicole Tilley ("Petitioner") is a State prisoner proceeding *pro se* with a

17   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

                              **PROCEDURAL HISTORY**
18
19          Petitioner is currently in the custody of the California Department of Corrections and

20   Rehabilitation pursuant to a guilty plea on August 24, 2006, for second degree robbery (Cal. Penal

21   Code § 212.5(c)).  (Answer Ex. 1, Reporter's Transcript of Plea Hearing).  Petitioner also admitted

22   that she had served a prior prison term (Cal. Penal Code § 667.5(b)).  (Pet. at 2).  On September 22,

23   2006, the trial court imposed a term of six years consisting of a five year upper term for the

24   substantive offense and a one year sentence enhancement.  (Answer Ex. 1, Reporter's Transcript of

25   Sentencing)..

26          Petitioner did not directly appeal her sentence; rather Petitioner pursued collateral relief in the

27   State courts.  Petitioner submitted a petition for writ of habeas corpus to Kern County Superior Court

28   on July 31, 2007.  (Lod. Doc. 1 at 1).  The petition was denied on September 24, 2007.  (Id).

1   Petitioner then submitted a petition for writ of habeas corpus to the California Court of

2   Appeal on November 20, 2007.[1]  (Lod. Doc. 2).  The petition was denied on December 6, 2007.

3   (Lod. Doc. 3).

4   Petitioner subsequently filed a petition for writ of habeas corpus in the California Supreme

5   Court on February 8, 2008.  (Lod. Doc. 4).  The California Supreme Court denied the petition on

6   July 9, 2008.  (Lod. Doc. 5).

7   On July 21, 2008, Petitioner filed the instant federal petition for writ of habeas corpus. (Court

8   Doc. 1).

9   Respondent filed an answer, responding to the allegations set forth in the petition, on

10  February 10, 2009.  Respondent argues that the petition is untimely filed.  (Answer as 1).

11  **DISCUSSION**

12  **I.   Limitation Period for Filing a Petition for Writ of Habeas Corpus**

13  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

14  1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of

15  habeas corpus filed after the date of its enactment.  *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997);

16  *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (*en banc*).  In this case, the petition was filed

17  in 2008, and is therefore subject to the provisions of the AEDPA. The AEDPA imposes a one-year

18  period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28

19  U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)(1) states:

20  A 1-year period of limitation shall apply to an application for a writ of habeas
    corpus by a person in custody pursuant to the judgment of a State court. The
21  limitation period shall run from the latest of –

22  (A) the date on which the judgment became final by the conclusion of direct
    review or the expiration of the time for seeking such review;
23
    (B) the date on which the impediment to filing an application created by
24  State action in violation of the Constitution or laws of the United States is
    removed, if the applicant was prevented from filing by such State action;
25

26  _____

    [1]In *Houston v. Lack*, 487 U.S. 266, 276 (1988),the United States Supreme Court held that a *pro se* habeas
27  petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the
    date of its receipt by the court clerk. The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings
    under the AEDPA limitations period. *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001) (citing *Lack*, 487 U.S. at 276).
28  Therefore, under the mailbox rule, the Court deems the documents as filed on the date Petitioner has signed them.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. *See* 28 U.S.C. § 2244(d)(1)(A). As noted by Respondent, Petitioner did not pursue an appeal of her sentence; thus, Petitioner's conviction became final 60 days after the judgement. *See* Cal. R. Ct. 8.308(a) (formerly numbered as Cal. R. Ct. 30.1(a)). Thus, Petitioner's conviction became final, and the one year statute of limitations period began running, on November 21, 2006, 60 days after the judgement on September 22, 2006. Petitioner filed her petition for writ of habeas corpus on July 21, 2008, at which point 608 days had elapsed from the time Petitioner's conviction became final.

**A.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

Petitioner filed petitions for writ of habeas corpus in the Kern County Superior Court, the California Court of Appeal, and the California Supreme Court. AEDPA requires that "[t]he time during which a properly filed application for State post-conviction of other collateral review with respective to the pertinent judgement or claim is pending shall not be counted toward any period of limitations..." 28 U.S.C. § 2244(d)(2). In *Carey v. Saffold*, 536 U.S. 214, 215 (2002), the United States Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one State court's disposition of a habeas petition and the filing of a habeas petition at the next level of the State court system. *See also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *Welch v. Newland*, 267 F.3d 1013, 1016 (9th Cir. 2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); *cf. Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001) (Court found no tolling between consecutive filings at the same level).

1  The limitation period is tolled while a "properly filed application for state post-conviction or

2  other collateral review with respect to the pertinent judgment or claim is pending." *Pace v.*

3  *DiGuglielmo*, 544 U.S. 408, 410 (2005).  Thus, "[a] state post conviction petition rejected by the

4  state court as untimely" cannot be considered "properly filed." *Id*.  Here, Respondent contends that

5  the petition for writ of habeas corpus filed in the California Supreme Court does not fall under this

6  subsection as it was not properly filed.  Specifically, Respondent argues that the sixty-four days in

7  which Petitioner waited to file the petition with the California Supreme Court constituted an

8  unreasonably long delay.[2]  The Court notes that there is no evidence before this Court that the

9  California Supreme Court explicitly found the petition untimely.

10  Respondent relies on the United States Supreme Court's decision in *Evans v. Chavis*, 546

11  U.S. 189, 193 (2006) to argue that the delay was unreasonable.  In *Evans v. Chavis*, the Supreme

12  Court directed that a federal court must determine whether a subsequent petition was unreasonably

13  delayed where the time between the filing the subsequent petition and denial in the previous level

14  exceeded thirty to sixty days.  Thus, a federal court must examine the delay and itself determine

15  whether the State courts would have held on the issue of timeliness. *Id*. at 198.  The denial from the

16  California Court of Appeal was issued on December 6, 2007.  Petitioner filed her petition on

17  February 8, 2009, a total of sixty-four days from the denial.  The Court finds that this period would

18  not have been found by the State court to have constituted an unreasonable delay.  Thus, the period

19  in which the petition was pending before the California Supreme Court is not counted towards the

20  statute of limitations period.

21  A total of 226 days are not counted for the purposes of determining the limitations period

22  under subsection (d)(2) of Title 28, United Stated Code section 2244.  That period consists of the

23  following:

24  \\\

25

26  [2]Respondent also argues that the date in which Petitioner filed the petition in the California Supreme Court should
27  be listed as February 19, 2008–the date the petition was actually filed with the State high court.  The Court notes that untimeliness is an affirmative defense.  As Respondent has produced no evidence to prove that Petitioner did not submit the
28  petition to the prison authorities for mailing on the day listed  as the date of service, the Court finds that the petition was filed on February 8, 2008.

1    A total of 58 days, from July 28, 2007 until September 24, 2007, during which

2    Petitioner's request for collateral relief was pending in the Kern County Superior Court.

3    A total of 16 days, from November 20, 2007 until December 6, 2007, during which

4    Petitioner's request for collateral relief was pending in the California Court of Appeal.

5    A total of 152 days, from February 8, 2008, until July 9, 2008, during which

6    Petitioner's request for collateral relief was pending in the California Supreme Court.

7    Consequently, a total of 382 days are left from the original 608 days that elapsed from the

8    filing of the federal habeas petition and the final conviction.  Thus, Petitioner has exceeded the one

9    year statute of limitations period under AEDPA.

10   **B.     Equitable Tolling**

11   The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

12   he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

13   way." *Pace*, 544 U.S. at 418; *see also Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 96

14   (1990); *Calderon v. U.S. Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (*citing Alvarez-*

15   *Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).  Petitioner bears the burden of alleging

16   facts that would give rise to tolling.  *Pace*, 544 U.S. at 418; *Smith v. Duncan*, 297 F.3d 809 (9th Cir.

17   2002); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993).

18   Currently, Petitioner does not allege that the limitations period is subject to equitable tolling

19   nor does she provide any evidence that would support such a conclusion.  As stated earlier, Petitioner

20   bears the burden of alleging such facts.  As there are no facts supporting a claim of equitable tolling,

21   the Court deems the petition for writ of habeas corpus as untimely and recommends that the petition

22   should be dismissed.[3]

23   \\\

24   \\\

25   \\\

26

27   [3]Respondent asserts alternatively that Petitioner has failed to exhaust certain claims she raised in the instant
28   action–namely, the Eight Amendment claim, the factual basis claim, and the claim of ineffective assistance of counsel.
     (Answer at 12-13).  As the Court is dismissing the action as untimely, the Court need not reach the merits of this claim.

1

## **RECOMMENDATION**

2    Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus

3  be DISMISSED WITH PREJUDICE as untimely.

4    This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

5  States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304

6  of the Local Rules of Practice for the United States District Court, Eastern District of California.

7  Within thirty (30) days after being served with a copy, any party may file written objections with the

8  court and serve a copy on all parties.  Such a document should be captioned "Objections to

9  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

10 filed within ten (10) court days (plus three days if served by mail) after service of the objections.

11 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)©.  The

12 parties are advised that failure to file objections within the specified time may waive the right to

13 appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

14

15 IT IS SO ORDERED.

16 **Dated:   September 28, 2009            /s/ John M. Dixon**
                                             UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28